FORTSEN v. STATE INDUSTRIAL COMMIS-
SION et al.

*96 P. 2d 1028.*

No. 28945.   Dec. 5, 1939.

Melton, McElroy & Vaught, of Chick-asha, Okla., for petitioner.

Cantrell, Savage & McCloud, of Oklahoma City, and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This proceeding is brought by Millard Bazzle Fortsen to review an award entered by the State Industrial Commission on joint petition. The respondent is Southwestern Bell Telephone Company, own risk. There is no dispute as to the employment of petitioner. Up until the date of the award there was no dispute as to the nature and extent of the disability.

On March 5, 1938, respondent filed employer's first notice of injury, stating that the petitioner was injured while removing the protector which was stuck to a wall when he ran a needle which was stuck in the wall into his wrist. A supplemental report of the injury was filed the same date as the employer's notice of injury. On October 4, 1938, there was filed employee's first notice of injury and claim for compensation. The nature of the injury was given in this report as partial loss of the use of the right hand. On the same date there was filed· a joint petition for final settlement in which it is stated that there is ,a 25 per cent. permanent partial loss of use of the right hand. In this joint petition it is stipulated and agreed that the petitioner should be paid $900 for the disability. On the same date a hearing was held at which time petitioner appeared and testified fully regarding the nature and extent of the injury, the amount of the settlement, and at this hearing petitioner expressed complete satisfaction with the terms of the settlement. An award was entered in compliance with said agreement, and although the record shows the vote was taken on the 4th day of October, 1938, the order is dated the 5th day of October, 1938. On October 6, 1938, there was filed under the signature of the petitioner a receipt for $900, dated October 4, 1938.

On October 15, 1938, petitioner filed a petition to vacate the joint petition for final settlement and any approval or order made and entered thereon. This petition in substance alleges misrepresentation and fraud in the procurement of the award, for the reasons that: (1) Respondent knew petitioner had more than 25 per cent. disability to the right hand; (2) the settlement was made upon an agreement to continue the employment of petitioner, and that on the 5th day of October, 1938, when petitioner returned to work, he was notified that he was discharged.

The record next contains an order purporting to be entered on November 1, 1938, overruling the petition to vacate filed October 15, 1938. This instrument is marked received and filed November 4, 1938. On December 3, 1938, petitioner filed his brief, and the sole error alleged is the failure of the State Industrial Commission to grant the petition to vacate filed October 15, 1938. On December 6, 1938, the respondent obtained an order

permitting the withdrawal of the record for correction, and on December 28, 1938, there was entered an order of the State Industrial Commission in which it is recited that there is no order on record entered by the State Industrial Commission overruling the petition filed October 15, 1938, or otherwise disposing of the petition filed on said date. In other words, it appears that the petition to vacate is still pending before the Industrial Commission.

Petitioner's assignments of error are as follows:

"That the said Industrial Commission had jurisdiction to entertain and hear the petition of the claimant to vacate the order made on the joint petition for final settlement.

"That the petition to vacate said joint petition of settlement filed by the claimant before the State Industrial Commission stated a cause of action and should have been heard by the Industrial Commission on its merits."

In view of the present state of the record, neither of these assignments presents anything for review. Since no action was taken by the commission on the petition to vacate, neither the jurisdictional question nor the sufficiency of the petition is properly before the court. No question is raised as to the propriety of the award.

The appeal is dismissed.

RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and WELCH, V. C. J., absent.